IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CR. NO. L-13-459 |
| JUAN J. ZAVALA GUTIERREZ | § | |

### MOTION FOR VIDEOTAPE DEPOSITION AND RELEASE OF MATERIAL WITNESS

Material Witness, Martha Gonzalez-Perez, through her counsel, Derly J. Uribe, and pursuant to Fed. R. Crim. P. Rule 15, 8 U.S.C. Section 1324(d), 18 U.S.C. Section 3144, and 18 U.S.C. Section 3142, hereby moves this court for an order to take her deposition by videotape.

### STATEMENT OF FACTS

Material Witness, Ms. Gonzalez-Perez, was apprehended by the United States Border Patrol on or about April 18, 2013, along with eleven others, who were determined to be citizens of Mexico. The twelve undocumented aliens were found in the vicinity of the Zachary Ranch in El Cenizo, Texas. Ms. Gonzalez-Perez, along with two others, were held as material witnesses in connection with the criminal charges the United States asserted against Defendant, Juan J. Zavala-Gutierrez for transporting aliens.

A criminal indictment was returned on May 14, 2013, charging him with a single count of conspiracy to transport and move undocumented aliens for purpose of commercial advantage and private financial gain and three additional criminal charges for transporting and moving undocumented aliens for purpose of commercial advantage and private financial gain, in violation of Title 8 United States Code, Sections 1324(a)(1)(A)(ii) and (v)(i). On or about June 10, 2013,

Zavala-Gutierrez was re-arrainged and plead guilty to the criminal charges. Dkt. No. 26.

On June 11, 2013, the Federal Public Defender, counsel for Zavala-Gutierrez filed a motion to detain Ms. Gonzalez-Perez. Dkt. No. 28. On June 12, 2013, the Court granted the motion and ordered that Ms. Gonzalez-Perez be detained. Dkt. No. 29. Ms. Gonzalez-Perez has been able to find someone that is willing to sign a bond on her behalf; however, the pretrial office has informed the undersigned, that it would not be approved because the person willing to sign the bond is not a blood relative of Ms. Gonzalez-Perez, and she has no other prospects of obtaining a surety. As of the date of this motion, Ms. Gonzalez-Perez has been in custody in excess of eight (8) weeks. Requiring her to remain in custody constitutes a severe economic and emotional hardship for her and her family. Besides the economic and emotional hardship, her loss of freedom from being incarcerated, while not charged with any crime, constitutes extraordinary circumstances which require granting this motion to achieve her release.

**THE TESTIMONY OF THE MATERIAL WITNESS CAN BE SECURED BY VIDEOTAPE DEPOSITION AND THERE IS NO COMPELLING REASON TO KEEP HER IN CUSTODY.**

Depositions of material witnesses may be used at trial in criminal cases, so it is only in exceptional circumstances, where the interests of justice will be denied, that a videotape deposition is not appropriate. See United States v. King 552 F.2d 933 (9th Cir. 1976). The defendant, who is ordered to be present with this counsel at the videotape depositions, has a full and fair opportunity to cross-examine the witnesses. The videotape provides sufficient indicia of reliability to afford the court a satisfactory basis for evaluating the truth of a statement. See Dutton v. Evans, 400 U.S. 74, 89 (1970).

The burden is on the objecting party to show that the use of the deposition testimony will

deny the defendant a fair trial and that the live testimony would somehow be significantly different then that taken at the deposition. United States v. Rivera, 859 F. 2d 1204, 1208 (4th Cir. 1988). In this connection, it bears mentioning that Defendant's counsel, the party that moved to further detain Ms. Gonzalez-Perez, is unopposed to this motion. In Torres-Ruiz v. United States, 120 F.3d. 933, (9th Cir. 1997), the Ninth Circuit mandated the use of videotape depositions when the Material Witness' testimony can be adequately secured by deposition and further detention is not necessary to prevent the failure of justice. (emphasis added; *see* 18 U.S.C. § 3144) In Torres-Ruiz, a routine alien smuggling case, the witnesses continued incarceration constituted a hardship on them that justified the taking of a videotape deposition in lieu of continuing to detain them to effectuate their live appearance at trial. The Torres-Ruiz Court clarified that denial of a motion to videotape the witness' testimony is limited to situations in which a "failure of justice" would occur because the deposition would not serve as an adequate substitute for the witness' live testimony.

As of the date of this motion, the material witness has been in custody in excess of two months, although not charged with a crime. Continued incarceration constitutes severe economic and emotional hardship for her and her family. It is not necessary to continue to detain her because no failure of justice would occur by videotaping her testimony. Her testimony can be adequately secured by granting this motion, and there has been a no showing that the deposition testimony would be different from the live testimony. Therefore, it is requested the Court grant this motion and order the videotape depositions of Ms. Gonzalez-Perez to occur forthwith. The material witness also requests, the Court order her immediate release upon conclusion of the deposition.

Respectfully submitted,

s\Derly J. Uribe
DERLY J. URIBE
Law Offices of Francisco J. Saldaña, Jr.
Fed. I.D. No. 19664
Attorney for Material Witness
217 W. Village Blvd., Suite 3
Laredo, Texas 78041
Telephone: (956) 726-1631
Fax: (956) 726-4158

## CERTIFICATE OF CONFERENCE

On or about June 12, 2013, the undersigned counsel, conferred with Carlos Alaniz, the Federal Public Defender in charge of representing Defendant, Juan J. Zavala, Gutierrez, and Mr. Alaniz expressed that he is unopposed to this motion. On June 21, 2013, the undersigned attempted to confer with Assistant United States Attorney Sanjeev Bhasker regarding the filing of this motion, but he was unavailable. A representative at the AUSA's office expressed however, that she communicated the request contained in this motion to Mr. Jose Flores, and that he is opposed to this motion.

s/Derly J. Uribe
DERLY J. URIBE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document was served on the U.S. Attorney's Office via ECM electronic mail on June 25, 2013, to those attorneys receiving service via ECM automatically.

s/ Derly J. Uribe
Derly J. Uribe